United States District Court
Southern District of Texas
ENTERED
October 27, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **SANDRA GABINO-COBA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **Civil Case No. 4:26-CV-06453** |
| | § | |
| **MARTIN FRINK, GABRIEL MARTINEZ, MARKWAYNE MULLIN and TODD BLANCHE,** | § | |
| | § | |
| | § | |
| | § | |
| **Respondents.** | § | |

## MEMORANDUM OPINION AND ORDER

This case, like thousands of others filed in recent months, asks whether a person who entered the United States illegally is entitled to habeas relief from detention during removal proceedings. The answer, in this case, is no.

Petitioner Sandra Gabino-Coba is a citizen of Mexico who "entered the United States illegally on or about April of 2001."[1] (Dkt. No. 5-2 at 5). She was taken into custody by Immigration and Customs Enforcement in May 2026. (Dkt. No. 5 at 3). Respondents are sued in their official capacities as officers or employees of the United States and will collectively be referred to as "the Government."

Gabino-Coba petitions the Court for a writ of habeas corpus, claiming that "her detention is unconstitutional as applied under any provision Respondents may invoke."

[1] The Government, in contrast to the documents it has provided the Court, states that Gabino-Coba entered the United States "at or near an unknown place, on or about an unknown date." (Dkt. No. 5 at 2–3). Gabino-Coba states that she "has resided continuously in the United States since April 16, 2002." (Dkt. No. 1 at 8, 9).

(Dkt. No. 1 at 19). Gabino-Coba "challenges only her detention. She does not challenge her removal proceedings, and she does not ask this Court to adjudicate her entitlement to relief from removal." (*Id.* at 21). She argues that the Respondents should be required to release her from custody. (*Id*. at 36).

The Government has moved to stay the proceedings or, in the alternative, for summary judgment. (Dkt. No. 5 at 1). The Government contends that Gabino-Coba is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and that her remaining arguments concerning release are meritless. (*Id*. at 1–2).

Gabino-Coba is being held in accordance with the law, and her Petition for a writ of habeas corpus is **DENIED**. (Dkt. No. 1). The Government's motion for a stay of the proceedings is **DENIED as moot** and its motion for summary judgment is **GRANTED**. (Dkt. No. 5).

## I. BACKGROUND.

Gabino-Coba is a citizen of Mexico who "entered the United States illegally on or about April of 2001." (Dkt. No. 5-2 at 5). She was taken into custody by Immigration and Customs Enforcement ("ICE") in May 2026. (Dkt. No. 5 at 3). Records indicate that when Gabino-Coba arrived in the United States, she was not "admitted or paroled" and "at the time of application for admission," was not in possession of valid travel documents. (Dkt. No. 5-2 at 5). Gabino-Coba was issued a Notice to Appear, (Dkt. No. 5-1 at 1-5), and was

scheduled to appear at an internet-based hearing before an immigration judge on September 3, 2026.[2] (Dkt. No. 5-4 at 1–3).

Gabino-Coba filed her petition for a writ of habeas corpus on August 7, 2026. (Dkt. No. 1 at 1). Gabino-Coba argues that (1) she "is detained without due process of law," (2) the Respondents violated their own agency regulations when they detained her, and (3) she is therefore entitled to release. (*Id.* passim).

The Government has responded. (Dkt. No. 5). The Government first requests that this Court hold the petition "in abeyance until there is a full resolution on rehearing in *Sosnava Rodriguez v. Ortega*, No. 26-50183, 2026 WL 1906557, *mandate held* (5th Cir. July 2, 2026)." (*Id.* at 1). Alternatively, the Government argues that the petition should be denied because "Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." (*Id.*). The Government asserts that this conclusion is "required under controlling precedent" and that "§ 1225(b)(2) as applied here does not violate due process." ( *Id.* at 1, 9).

A search of the ICE Online Detainee Locator System reveals that Gabino-Coba is detained at the Houston Contract Detention Facility in Houston, Texas. *See* U.S. Immigration and Customs Enforcement, *Online Detainee Locator System*, https://locator.ice.gov/ odls/#/search, (last accessed Oct. 21, 2026). The facility is in Harris County, which is within the Southern District of Texas. 28 U.S.C. § 124(b)(2).

---

[2] As of this writing, neither party has provided this Court an update concerning the events of the hearing.

## II. LEGAL STANDARDS

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525, 124 S.Ct. 2633, 2644, 159 L.Ed.2d 578 (2004) (plurality opinion). The writ "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Id.* A district court may grant a writ of habeas corpus if a petitioner shows that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A court . . . entertaining an application for a writ of habeas corpus shall . . . award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

## III. ANALYSIS

### A. THE GOVERNMENT'S REQUEST FOR A STAY

Before reaching the merits of this case, the Court addresses the Government's request that the Court stay this case pending resolution of the en banc proceedings in

*Sosnava Rodriguez v. Ortega*. (Dkt. No. 5 at 1). Gabino-Coba argues that the Court should not "defer ruling." (Dkt. No. 1 at 34). After briefing was complete, however, the Fifth Circuit issued its en banc decision in *Sosnava Rodriguez v. Vergara*, ____ F.4th ____, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (en banc), reversing the district court judgments and vacating the orders granting habeas relief. The mandate issued forthwith. *Id.* at *14. Because the en banc proceedings that formed the basis for the Government's request have now been resolved, the Government's request for a stay is denied as moot.

**B. EXHAUSTION OF REMEDIES**

Gabino-Coba argues that "[e]xhaustion of remedies is not statutorily required" in this case. (Dkt. No. 1 at 34). The Government has not addressed this argument.

As this Court has previously explained, "the general rule [is] that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *See Lopez v. Tate*, No. 4:26-CV-06401, 2026 WL 2958295, at *2–3 (S.D. Tex. Oct. 1, 2026); *Gonzalez-Buenestro*, 2026 WL 2915092, at *3 (quoting *McCarthy v. Madigan*, 503 U.S. 140, 144, 112 S.Ct. 1081, 1086, 117 L.Ed.2d 291 (1992)). Exhaustion of remedies, however, is not required where they are "unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam). Here, as in those prior cases, requiring Gabino-Coba to pursue administrative remedies would be futile, and her failure to exhaust administrative remedies does not preclude consideration of the merits.

### C. Gabino-Coba Is Subject To Mandatory Detention Under Section 1225(b)(2)(A), Which Does Not Violate Due Process.

Gabino-Coba "acknowledges that in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), the Fifth Circuit held that certain long-resident noncitizens who had not previously been apprehended by immigration officials were subject to detention under 8 U.S.C. § 1225(b)(2), and that the decision binds this Court as to any statutory question." (Dkt. No. 1 at 20). Indeed, that holding controls here.

This Court has discussed *Buenrostro-Mendez* in detail in prior opinions. *See Lopez*, 2026 WL 2958295, at *3; *Gonzalez-Buenestro*, 2026 WL 2915092, at *4. The Fifth Circuit has since addressed the constitutional question en banc, holding that mandatory detention under Section 1225(b)(2)(A) does not entitle an applicant for admission to an individualized bond hearing based on dangerousness or flight risk and rejecting the procedural- and substantive-due-process challenges presented there. *See Sosnava Rodriguez,* 2026 WL 3181188.

Gabino-Coba's case cannot be meaningfully distinguished from *Buenrostro-Mendez* and *Sosnava Rodriguez*. There is no dispute that Gabino-Coba is an alien present in the United States who entered the country unlawfully without being admitted or paroled. (Dkt. No. 5-1 at 2). An alien "present in the United States who has not been admitted" is, by definition, "an applicant for admission." 8 U.S.C. § 1225(a)(1). And *Buenrostro-Mendez* holds that an "applicant for admission" is necessarily someone who is "seeking admission" for purposes of Section 1225(b)(2)(A). 166 F.4th at 502. Gabino-Coba does not contend that she is "clearly and beyond a doubt entitled to be admitted." Therefore,

she is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). And neither procedural nor substantive due process requires the bond hearing or individualized custody determination Gabino-Coba seeks. *See Sosnava Rodriguez*, 2026 WL 3181188. Nor does due process require her immediate release on the grounds she asserts. Gabino-Coba's First, Fourth, and Fifth claims for relief are therefore denied.[3]

### D. GABINO-COBA'S *ACCARDI* DOCTRINE CLAIM FAILS

Gabino-Coba appears to assert two claims that her arrest violated agency regulations and was unlawful under the *Accardi* doctrine. (Dkt. No. 1 at 30–32). As explained below, even if these allegations were true, she would not be entitled to the relief she seeks.

The so-called *Accardi* doctrine—derived from *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268, 74 S.Ct. 499, 503, 98 L.Ed. 681 (1954)—"stands for the unremarkable proposition that an agency must abide by its own regulations." *Richardson v. Joslin*, 501 F.3d 415, 418 (5th Cir. 2007) (quoting *Chevron Oil Co. v. Andrus*, 588 F.2d 1383, 1386 (5th Cir. 1979)). Thus, "an agency's failure to afford an individual procedural safeguards required under its own regulations may result in the invalidation of the ultimate administrative determination." *Id.* (quoting *United States v. Morgan*, 193 F.3d 252, 266 (4th Cir. 1999)). The doctrine does not afford Gabino-Coba relief here.

---

[3] Gabino-Coba's First Claim for Relief addresses procedural due process. (Dkt. No. 1 at 24–30. Her Fourth Claim for Relief can fairly be characterized as a continuation of her procedural due process claim. Gabino-Coba's Fifth Claim for Relief asserts that substantive due process principles compel relief. As explained above, these claims fail.

Gabino-Coba asserts that on the date she was taken into custody, (1) she was questioned without the presence of counsel, and (2) Respondents revoked her prior release "upon a basis their own form does not recognize" thus failing to "advise Petitioner of the reasons for her arrest or of her right to counsel." (Dkt. No. 1 at 31–32). Gabino-Coba claims these actions violated 8 C.F.R § 287.3(c). (Dkt. No. 1 at 30–31). She writes, "[a]n agency is bound by its own regulations and procedures." (Dkt. No. 1 at 32) (citing *Accardi*, 347 U.S. at 268, 74 S.Ct. at 503).

To start, Section 287.12 "specifically disclaims creation of any enforceable rights with respect to 8 CFR Part 287 – Field Officers; Powers and Duties." *Carnesolta v. Tate*, No. 4:26-CV-01006, 2026 WL 948727, at 3 (S.D. Tex. Apr. 8, 2026) (Eskridge,* J.). "[Gabino-Coba] thus has no enforceable right to assert in this regard." *Id.*; *see also Rios-Arias v. Sessions*, 684 F. App'x 441, 442 (5th Cir. 2017) (explaining that 8 C.F.R. § 287.12 provides that violations of the Part 287 regulations "do[] not create any enforceable rights or remedies").

Moreover, Gabino-Coba does not provide any citation to authority or argument establishing that even if she established agency violations, those violations would entitle her to be released from custody. As this Court summarized in *Martinez-Ortiz*, "even assuming [Gabino-Coba]'s arrest violated the Fourth Amendment, that violation would not entitle h[er] to release from h[er] present immigration detention." 2026 WL 3061118, at *5.

> [T]he "Supreme Court has held that "[t]he 'body' or identity of a defendant in a . . . civil proceeding is never itself suppressible . . . even if it is conceded that an unlawful arrest,

> search, or interrogation occurred." *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039, 104 S.Ct. 3479, 3483–84, 82 L.Ed.2d 778 (1984). Indeed, "[t]he mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding." *Id.* at 1040, 104 S.Ct. at 3484 (citation omitted). Martinez-Ortiz's present detention rests on the independent statutory authority provided by 8 U.S.C. § 1225(b)(2)(A). Thus, assuming Martinez-Ortiz could prove a Fourth Amendment violation in connection with his initial arrest, he would not be entitled to release from his present detention on that basis.

*Id*.

So it is here. Gabino-Coba's present detention likewise rests on the independent statutory authority provided by Section 1225(b)(2)(A). The *Accardi* doctrine does not provide the relief Gabino-Coba seeks. Gabino-Coba's Second and Third Claims for Relief are therefore denied.

## IV. CONCLUSION

There is no genuine dispute as to any material fact in this case. As explained above, Respondents are entitled to judgment as a matter of law. Gabino-Coba's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is therefore **DENIED**. (Dkt. No. 1). The Respondents' Motion to Stay consideration of this petition is **DENIED**. The Respondents' Motion for Summary Judgment is **GRANTED**. (Dkt. No. 5).

It is SO ORDERED.

Signed on October 26, 2026.



DREW B. TIPTON
**UNITED STATES DISTRICT JUDGE**